[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PRE-JUDGMENT REMEDY
This case comes to this court where the plaintiff, Robert Faillaci, as the executor of the estate of Anthony Faillaci, deceased, sues the defendant, Francis F. Palmer, the decedent's sister. The prayer for relief seeks a pre-judgment attachment of an account at Smith Barney, being account # 147-26578 in the name of Francis Palmer, (formerly being account # 147-12335 in the name of Anthony Faillaci and Francis Palmer.) The court denies the request to restrain and enjoin Francis Palmer from access to those funds.
The court has reviewed the exhibits and listened to the testimony of the parties and their witnesses in this case. It is found by this court that the defendant, Francis Palmer, had a very rare and unusual relationship with her brother. They were not only brother and sister, they were friends. Even the plaintiff concedes this. Witnesses testified concerning their relationship, traveling together, being together, and involving themselves in one another's lives. It is clear that the Smith Barney account, when opened, was opened in joint names from the very beginning.
Mr. Fallaci's evidence was primarily that the deceased had talked about a distribution where his contemplation was to have everyone share equally. It is clear that the deceased and the CT Page 12859 plaintiff did not have extensive discussions concerning the assets; where they would be and who would get them. The thrust of his case is that the distribution is unfair unless this account is included in the asset pot of the estate. The magnitude of the account, as shown on Exhibit C, was approximately $106,000.00. Exhibit A shows the account as it was opened with the deceased and the defendant's names thereon, and the statements show it was as joint tenants with right of survivorship (JTWROS).
The law in Connecticut is clear. Under our statute 36A-290 (formerly 36-3) the establishment of a deposit at any bank, "is, common in the absence of fraud or undue influences, or other clear and convincing evidence to the contrary, prime facie evidence of the intention of all the named owners thereof to vest title to such account . . . in such survivor. . .". There is no claim of fraud or undue influence in this case. The court is satisfied that the plaintiff has failed to establish by clear and convincing evidence to the contrary that this was other than a joint account. It appears that the evidence is clear and convincing. This account was intended to be a joint account from the time it was established. The testimony concerning the intention of the decedent and his strong family role leads this court to infer that he was well aware of his financial picture when he created his will and knew that this was the property of his beloved sister.
Therefore, the application seeking a prejudgment attachment of Francis Palmer's account at Smith Barney (#147-26578) is hereby denied.
So Ordered.
KARAZIN, J.